UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE CO.** and **LIBERTY MUTUAL FIRE INSURANCE CO.**, Plaintiffs, | ) ) ) ) ) ) | |
| v. | ) ) ) | Civil Action No. 13-cv-10387 |
| **ALLSTATE INSURANCE CO.**, Defendant. | ) ) ) ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                  **March 31, 2014**

### I. Introduction

Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company (collectively, "Liberty Mutual") bring an Application for an Order Confirming and Enforcing Arbitration Orders against their reinsurer, Allstate Insurance Company ("Allstate"). Liberty Mutual petitions this Court to (1) confirm and enter judgment on two recent arbitration orders pursuant to 9 U.S.C. § 9; and (2) enforce the judgment by enjoining Allstate from relitigating the issues decided by the arbitration in subsequent arbitration proceedings. D. 1 at 1. Allstate agrees that the Court should confirm the arbitration orders, but argues that any issues pertaining to the interpretation, application and performance of the arbitration orders should itself be the subject of arbitration. D. 14 at 11, 17-18. For the reasons stated below, this Court confirms the arbitration orders and holds that the preclusive effect of the prior arbitration is itself an arbitrable issue and, therefore, is properly the subject of subsequent arbitration proceedings.

## II. Factual Allegations and Procedural History

Liberty Mutual entered into a series of reinsurance contracts with Allstate effective from 1969 through 1982 (the "General Treaty"). D. 4 at 1. In December 2010, the parties disagreed about the interpretation of the "Access to Records" clause contained in the General Treaty as it pertained to allegedly privileged documents. Id. at 3. Pursuant to the arbitration clause of the General Treaty, Liberty Mutual and Allstate litigated the issue before an arbitration panel (the "ATR Arbitration Panel"). Id. On September 10, 2012, the ATR Arbitration Panel issued its Interim Final Order. D. 4 at 3; D. 1-2. On October 16, 2012, the ATR Arbitration Panel issued a supplementary order, Case Management Order #3 ("CMO"), and incorporated its terms into the Interim Final Order (collectively, the "Arbitration Orders"). D. 4. at 4; D. 1-3. The ATR Arbitration Panel dismissed the matter with prejudice on December 28, 2012. D. 1-4.

In December 2012, in the context of a different insurance claim (the "Cargill claim"), the parties once again disputed the very same Access to Records provision and the terms of the Arbitration Orders. D. 1 at ¶¶ 20-22; D. 4 at 5-6. On January 18, 2013, Allstate demanded a new arbitration to resolve the Cargill claim. D. 1 at ¶ 26. Liberty Mutual then filed the pending Application for an Order Confirming and Enforcing Arbitration Orders on February 26, 2013. D. 1. Allstate responded with a Cross-Motion to Compel Arbitration pursuant to 9 U.S.C. § 4. D. 17.

## III. Discussion

The Federal Arbitration Act provides that "any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 USC § 9. Neither party requests that the Arbitration Orders be vacated, modified or

corrected, and both consent to confirmation. D. 1 at 8; D. 14 at 11, 20. Thus, confirmation of the Arbitration Orders is so ordered.

Liberty Mutual urges this Court, among other things, to enforce the Arbitration Orders against Allstate by (1) directing Allstate to comply with the Arbitration Orders; (2) enjoining Allstate from demanding certain documents and information pursuant to the Access to Records provision; and (3) directing Allstate to withdraw its demand to arbitrate the Cargill claim. D. 4 at 12. Alternatively, Liberty Mutual argues that this Court should remand this matter to the now dissolved ATR Arbitration Panel for clarification of the Arbitration Orders. Id. Allstate seeks to compel Liberty Mutual to proceed with the arbitration of the Cargill claim and to allow the new arbitration panel to determine the "precedential or preclusive effect" of the Arbitration Orders. D. 14 at 18, 19.

As Allstate contends, the First Circuit's recent decision in Employers Ins. Co. of Wausau v. OneBeacon Am. Ins. Co., No. 13-1913, 2014 WL 715821 (1st Cir. Feb. 26, 2014), at *4, governs here. The issue in that case was whether the preclusive effect of a confirmed arbitration decision was a matter for the federal court or for an arbitrator. Id. at *1. After resolving the threshold inquiry as to whether the arbitration agreements among the parties included disputes as to the preclusive effect of prior arbitrations, the court held that "the preclusive effect of a prior arbitration is an arbitrable issue." Id. at *2, *4.

Here, the arbitration clauses in the General Treaties are broad, providing, for example, that "any dispute arising out of this Agreement shall be submitted to the decision of a board of arbitration . . . ." D. 1-1 at 6. The plain terms of the parties' agreements therefore include disputes over the preclusive effect of the Arbitration Orders. Wausau, 2014 WL 715821 at *2. Relying upon Wausau, this Court concludes that the arbitration panel tasked with adjudicating

the disputes related to the Cargill claim is the appropriate forum for Liberty Mutual to resolve the preclusive effect, if any, of the Arbitration Orders already issued.

The Court rejects Liberty Mutual's argument that <u>Wausau</u> is distinguishable because Liberty Mutual seeks the enforcement of prospective declaratory relief. D. 27. There is nothing in the First Circuit's ruling that supports such a distinction, particularly in light of its announcement of the "general rule" that the preclusive effect of a prior arbitration is an arbitrable issue, <u>see</u> D. 28-1 at 1 (discussing <u>Wausau</u>, 2014 WL 715821 at *4), and the broad scope of the arbitration agreement between the parties in this case.

## IV.  Conclusion

For the foregoing reasons, Liberty Mutual's Application, D. 1, is ALLOWED IN PART only insofar as it sought confirmation of the Arbitration Orders. The remaining relief sought by Liberty Mutual in its Application is DENIED. Allstate's Cross-Motion to Compel Arbitration, D. 17, is ALLOWED.

**So Ordered.**                             /s/ Denise J. Casper
                                                                                           United States District Judge